CATHERINE E. DUNHAM, Respondent, v. ALBERT LEE FRANCE, Appellant.

### Kansas City Court of Appeals, January 6, 1908.

**PARTNERSHIP: Dissolution: Creditors: Notice.** A partnership consisting of three persons agreed with the plaintiff to receive forty dollars per month and apply the same on a certain indebtedness of the plaintiff so long as G remained in the service of the partnership. Defendant F retired from the partnership but gave no notice thereof and G, continuing with the new concern, went on paying the money to them. *Held*, defendant was liable to the plaintiff for the misapplication of the money paid by G after the dissolution of the partnership, since he gave her no notice of his withdrawal from the firm.

Appeal from Buchanan Circuit Court.—*Hon. Henry M. Ramey*, Judge.

AFFIRMED.

*Motter & Shultz*, for appellant, filed argument.

*B. J. Woodson* and *A. D. Vories* for respondent.

(1) Outgoing members of a partnership are not relieved from the performance of contracts made by the firm unless for a valuable consideration. (2) An outgoing member of a partnership must give notice to or have the consent of the other party to the contract of his retirement before he is released. 22 Am. and Eng. Enc. of Law (2 Ed.), p. 181. (3) Mere silence of a creditor does not amount to an assent. Same authority, p. 184; Skinner v. Hill, 32 Mo. App. 404; Holding v. McFaul, 21 Mo. 215; Dean v. McFaul, 23 Mo. 76; Ridgeley v. Robertson, 67 Mo. App. 53; Shoe Co. v. Highley, 70 Mo. App. 310; Bryant v. Hawkins, 47 Mo. 412; Powell v. Roberts, 92 S. W. 752.

ELLISON, J.—Plaintiff's action is based on a written contract. She recovered judgment in the trial court.

Plaintiff had borrowed a sum of money and given a deed of trust to secure its payment. She had a boarder named Gilbert and he was in the employ of the firm of Patrick, Lea & France (the latter being the defendant) at a salary. Plaintiff agreed to pay the firm forty dollars per month which they, for valuable considerations, agreed to receive and apply on the indebtedness. The contract then provided that so long as Gilbert continued to board with plaintiff and remained in the employ of the firm, he should pay to them for plaintiff the monthly payment of forty dollars, and deduct the same from the amount of board he would owe plaintiff. In other words the contract provided that so long as Gilbert boarded with plaintiff and worked for defendant's firm, he should pay them the forty dollars due from her.

Shortly after the execution of this contract defendant quit the firm and it was continued as Patrick & Lea, the latter assuming the obligations to apply the money received from Gilbert. There does not seem to be any dispute as to the sum Gilbert paid, or rather allowed to be taken from his salary. But all or the greater part of it was paid in that way after this defendant left the partnership and the failure to apply it on plaintiff's indebtedness was the failure of the partnership of Patrick & Lea. Yet it is conceded that this defendant remained liable for the performance of the contract notwithstanding his withdrawal.

But we take defendant's point to be this:—That since the moneys received from Gilbert and not applied on the plaintiff's indebtedness is the ground of plaintiff's complaint, and since the contract only obligated defendant's firm to receive such money from Gilbert while he was in the employ of such firm, and since he was not in the employ of the firm after defendant withdrew, as that had the effect of dissolving the partnership, and since he thereafter was in the employ of

Patrick & Lea who continued the business, the contract, by its own terms, was no longer operative. In other words, when Gilbert ceased to be in the employ of Patrick, Lea & France, the contract ceased as to his paying them forty dollars per month, and any payments he afterwards made to Patrick & Lea were outside the contract and put no obligation upon this defendant as an ex-member of the firm.

But the evidence tended to show that defendant did not notify plaintiff that he had quit the firm. By his own act he brought about the condition which he says ought to relieve him of his obligation on the contract. Gilbert did not leave the employment of the old firm by his act; he ceased to continue in that employment by the act of defendant in withdrawing and thus leaving him to continue his work with the remaining members, Patrick & Lea.

It seems to us that defendant himself changed the situation and not Gilbert, and that he should have notified plaintiff of what he had done if he wanted it to have the effect of relieving him from his obligation. We are satisfied the judgment could not have been for the defendant under the evidence and hence order its affirmance. All concur.